IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON MURRAY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:09cv291 **Electronic Filing** |
| CITY OF PITTSBURGH, WILLIAM FISHER, JOSEPH MEYERS, BRIAN WEISMANTLE, D. CANOFARI, H. BOLIN, G. SATLER, P. MOFFATT, and LESLIE MCDANIEL | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

July 28, 2011

### I. INTRODUCTION

Plaintiff, Brandon Murray ("Murray" or "Plaintiff"), filed a four (4) count complaint against Defendants, City of Pittsburgh (the "City"), and Pittsburgh Police Officers William Fisher ("Fisher"), Joseph Meyers ("Meyers"), Brian Weismantle ("Weismantle"), D. Canofari ("Canofari"), H. Bolin ("Bolin"), G. Satler ("Satler"), P. Moffatt ("Moffatt") and Leslie McDaniel ("McDaniel")(collectively the "Defendants") alleging: (1) violation of his civil rights under 42 U.S.C. § 1983; (2) false arrest; (3) false imprisonment; and (4) malicious prosecution. The Defendants have filed a joint motion for summary judgment, a brief in support, and a concise statement of material facts. Murray has failed to respond.

The Local Rules of the United States District Court for the Western District of Pennsylvania require that Murray file a memorandum of law in opposition to the motion for summary judgment that addresses applicable law and explains why there are genuine issues of material fact to be tried and/or why the moving party is not entitled to judgment as a matter of

law. *See* LR 56.1(C)(2). Further, Murray failed to file a responsive concise statement of material facts as required under LR 56.1(C)(1). Material facts set forth in a moving party's concise statement of material facts will be deemed admitted for the purpose of deciding the motion for summary judgment "unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." *See* LR 56.1(E).

**II.     STATEMENT OF THE CASE**

On February 21, 2006, Aaron Henderson was shot while walking to Westinghouse High School in Pittsburgh, and City of Pittsburgh detectives were assigned to investigate the shooting. Defendants' Concise Statement of Material Facts (hereinafter "Def. CSMF") ¶¶ 1 & 2. A review of Westinghouse High School's video surveillance system showed a silver/gray vehicle which appeared to have been occupied by the shooter. Def. CSMF ¶ 3. Investigating detectives Weismantle and Canofari spoke to Vanessa Rawlings ("Rawlings") who indicated that she heard the shots, witnessed the silver/gray vehicle leaving the scene, and saw the occupants of the vehicle. Def. CSMF ¶¶ 6 & 8[1].

Canofari prepared a photo array consisting of six (6) color arrest photographs of young black males and the array was taken to Rawlings' home for her observation. From the photo array, Rawlings identified Thomas Beck as the driver of the vehicle, and she identified Brandon Murray as the front seat passenger. Def. CSMF ¶¶ 9, 10 & 11. Based upon the identifications, Bolin prepared a probable cause/criminal complaint affidavit. Def. CSMF ¶ 12. The affidavit was reviewed by the District Attorney's Office and submitted to the magisterial district court judge (the "Magistrate Judge") on February 24, 2006. Def. CSMF ¶¶ 14 & 16. The Magistrate

---

[1]  Defendants' Concise Statement of Material Facts is incorrectly numbered, as numbers 4, 5 & 7 are missing from the sequence.

Judge signed the probable cause/criminal complaint affidavit, and an arrest warrant was issued for Murray. Def. CSMF ¶ 16. After issuance of the arrest warrant, Murray turned himself in. Def. CSMF ¶ 17. Murray was charged with Criminal Attempt-Homicide, Aggravated Assault and Criminal Conspiracy. Complaint ¶ 12.

On March 6, 2006, a preliminary hearing was held in the Court of Common Pleas of Allegheny County, Pennsylvania before the Honorable Randal B. Todd. Def. CSMF ¶ 18. Rawlings testified at the hearing and identified Murray as the passenger in the front seat of the vehicle leaving the scene of the shooting. Def. CSMF ¶ 24. Further, Rawlings testified that she made actual eye contact with Murray, and saw that he had a type of rifle in his hands. Def. CSMF ¶ 23. At the conclusion of the hearing, Judge Todd determined that the Commonwealth had established a prima facie case against Murray, and all the charges were held over. Def. CSMF ¶ 28.

A non-jury trial was conducted before the Honorable John Zottola in the Court of Common Pleas of Allegheny County, Pennsylvania, on March 6, 2007, and Murray was acquitted of the criminal charges filed against him. Def. CSMF ¶ 30.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P 56(c), summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court

is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Id*. The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well. *Whiteland Woods, L.P. v. Township of West Whiteland,* 193 F.3d 177, 180 (3d Cir. 1999), *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P 56(e). Further, the nonmoving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

## IV. DISCUSSION

### A. Section 1983 Claim

Murray contends that his constitutional rights to be free from unreasonable seizures and malicious prosecution secured under the Fourth and Fourteenth Amendments to the Constitution

of the United States were violated when he was arrested and imprisoned without probable cause to believe he committed a crime. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . .

42 U.S.C. § 1983. While § 1983 is not itself a source of substantive rights, *Baker v. McCollan*, 443 U.S. 137 144 n.3 (1979), the section provides a remedy for violations of constitutional rights where the alleged violation was committed by a person acting under the color of state law. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To establish a claim under § 1983, a plaintiff must allege (1) a deprivation of a federally protected right, and (2) commission of the deprivation by one acting under color of state law. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). It is undisputed that the Defendants in this action were acting under color of state law; therefore the only issue is whether Murray's constitutional rights were violated.

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. Murray claims that the Defendants lacked the requisite probable cause to arrest him, therefore, his arrest in or around February 2006 violated his constitutional right to be free from unreasonable seizures. The Fourth Amendment prohibits a police officer from arresting a citizen except upon probable cause, which has been defined as "facts and circumstances within the arresting officer's knowledge [that] are sufficient in themselves to warrant a reasonable person to

believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 485 (3d Cir. 1995) (quoting *United States v. Cruz*, 910 F.2d 1072, 1076 (3d Cir. 1990)).  Although the question of probable cause in a § 1983 suit is usually one for the jury, a district court may conclude  "that probable cause exists as a matter of law if the evidence, viewed most favorably to plaintiff, reasonably would not support a contrary factual finding," and may enter summary judgment accordingly. *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997).

Whether a defendant had probable cause to arrest  a plaintiff depends on whether at the time of the arrest, "the facts and circumstances within [Defendant's] knowledge and of which [Defendant] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [Plaintiff] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). "Probable cause to arrest requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police*, 71 F.3d at 482-483 (3d Cir. 1995). Rather, the facts must support a reasonable belief that "there is a 'fair probability' that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000).

Further, in determining whether probable cause exists, police officers are permitted to rely upon the statements of eyewitnesses or victims if they reasonably believe the statements are credible. *Wilson v. Russo*, 212 F.3d  at 790 (noting that positive identification by victim would usually be sufficient to establish probable cause in absence of exculpatory evidence or evidence of witness's unreliability).  When an officer has "received his information from some person -- normally the putative victim or an eyewitness -- who it seems reasonable to believe is telling the truth," he has probable cause to arrest the accused perpetrator. *See Lynch v. Donald Hunter*

6

*Safeguard Sec., Inc.*, 2000 U.S. Dist. LEXIS 13248, at 9 (E.D. Pa. Sept. 1, 2000)(quoting *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998)).

In the instant case, the investigating officers were able to identify a silver/gray vehicle which was occupied by the shooter by reviewing Westinghouse High School's video surveillance system. The officers were able to locate a witness who saw the vehicle fleeing the scene of the shooting, and was able to identify Plaintiff as an occupant of the vehicle. Further, the witness indicated that she made actual eye contact with Plaintiff, and saw that he had a type of rifle in his hands. Based upon the witness identifications, Bolin prepared a probable cause/criminal complaint affidavit which was reviewed by the District Attorney's Office and submitted to the Magistrate Judge. The Magistrate Judge signed the probable cause/criminal complaint affidavit, and an arrest warrant was issued for Murray.

Where an individual is arrested pursuant to a facially valid arrest warrant, "police officers . . . generally are deemed to have probable cause to arrest." *Garcia v. County of Bucks*, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001). A plaintiff may, however, succeed in a § 1983 action for false arrest made pursuant to a warrant if he demonstrates, by a preponderance of the evidence: "(1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-787 (3d Cir. 2000) (internal citation omitted). The Plaintiff fails to direct the Court to any such evidence in this instance.

In addition, there is no evidence in the record to suggest that the officers had any reason to doubt the witness' statements or identification. Murray, therefore, has failed to produce any evidence raising a genuine issue of material fact as to whether the Defendant officers lacked

probable cause to arrest him.  Viewing the evidence in a light favorable to Plaintiff, the Court finds as a matter of law that the Defendants in this action had probable cause to arrest Plaintiff.

To prevail on a § 1983 malicious prosecution claim, a plaintiff must demonstrate that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendant acted maliciously or for a purpose other than bringing plaintiff to justice.  *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000); *see also Dibella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005). In addition, a plaintiff must show that he "suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Dibella*, 407 F.3d at 601 (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

In most circumstances, a plaintiff cannot proceed against a police officer for a claim of malicious prosecution because a prosecutor, not a police officer, initiates criminal proceedings against an individual. *Albright v. Oliver*, 510 U.S. 266, 279 n.5 (1994) (Ginsburg, J., concurring). "However, a police officer may be held to have 'initiated' a criminal proceeding if he knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion, [because] . . . in such cases, an intelligent exercise of the . . . [prosecutor's] direction becomes impossible, and a prosecution based on the false information is deemed procured by the person giving the false information." *Id.* (citations omitted); *see also Marcia v. Micewski*, 1998 U.S. Dist. LEXIS 13243, at *28 (E.D. Pa. Aug. 24, 1998) ("Where a police officer 'presents all relevant probable cause evidence to an intermediary, such as a prosecutor, . . ., the intermediary's independent decision to seek a warrant, . . ., or to return an indictment breaks the causal chain and insulates the officer from a section 1983 claim based on lack of probable cause for an arrest or prosecution.'") (quotation omitted).

There is no evidence that the Officers in this action knowingly provided false information to the prosecutor or interfered in any way with the informed discretion of the District Attorney's Office. Therefore, based upon the failure of such evidence, and this Court's finding that there was probable cause for Murray's arrest, summary judgment will be granted on Murray's claim alleging violation of his civil rights under 42 U.S.C. § 1983.

B. State Law Tort Claims

Defendants argue that Murray's false arrest[2], false imprisonment[3], and malicious prosecution[4] claims are barred by the Political Subdivision Tort Claims Act ("the Act"), 42 PA. CONS. STAT. ANN. § 8541 *et seq.* For the reasons stated below, the Court concludes that the Act immunizes Defendants from Murray's state law tort claims. The Defendants' Motion for Summary Judgment shall also be granted on the state law tort claims.

The Political Subdivision Tort Claims Act immunizes municipalities from liability for all state law tort claims. *See Smith v. Sch. Dist. of Philadelphia*, 112 F. Supp. 2d 417, 424 (E.D. Pa. 2000). The Act provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency[5] or an employee thereof or any other person." 42 PA. CONS. STAT. ANN. § 8541. The Act provides the following eight

---

[2] To prevail on the false arrest claim, plaintiff must establish that the process used for the arrest was void on its face or that the issuing tribunal was without jurisdiction; it is not sufficient that the charges were unjustified. *See Strickland v. University of Scranton*, 700 A.2d 979, 984-85 (Pa. Super. 1997).

[3] The false imprisonment claim requires proof: (1) that plaintiff was detained; and, (2) that such detention was unlawful. *See Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 293 (Pa. 1994).

[4] To prevail on the malicious prosecution claim, Plaintiff must establish the same elements necessary to prevail on a § 1983 malicious prosecution claim. *See Hilfirty v. Shipman*, 91 F.3d 573, 579 (3d Cir. 1996).

[5] Pittsburgh is such a local agency.

exceptions to the grant of immunity: (1) vehicle liability; (2) the care, custody and control of personal property; (3) the care, custody and control of real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) the care, custody and control of animals. *See* 42 PA. CONS. STAT. ANN. § 8542(b). None of the exceptions apply here, therefore, Defendant City of Pittsburgh is immune from liability for Murray's state law tort claims.

In a suit against a government official in his official capacity, "the real party in interest . . . is the governmental entity and not the named official . . . ." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To the extent that Murray asserts state law claims against the Defendant Police Officers in their official capacities, such claims are treated as claims against the City of Pittsburgh. Because the claims are barred as a matter of law against the City, the claims against the Defendant Police Officers in their official capacities are also barred.

To the extent that Murray asserts state law claims against the Defendant Police Officers in their individual capacities, the Act states that employees of a local agency are entitled to the same immunity as their employer. *See* 42 PA. CONS. STAT. ANN. § 8545. The Act does not shield an employee from liability where his conduct constitutes a "crime, actual fraud, actual malice, or willful misconduct." *See* 42 PA. CONS. STAT. ANN. § 8550; *Kuzel v. Krause*, 658 A.2d 856 (Pa. Commw. 1995). For purposes of tort law, the Pennsylvania Supreme Court has defined willful misconduct as "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." *Evans v. Philadelphia Transp. Co.*, 418 Pa. 567, 212 A.2d 440 (1965); *see also King v. Breach*, 540 A.2d 976 (Pa. Commw. 1988); *In re City of Philadelphia Litig.*, 938 F. Supp. 1278, 1289 (E.D. Pa. 1996).

Murray has failed to direct this Court to any evidence that the officers exhibited actual malice or engaged in willful misconduct with regard to his arrest and prosecution. Therefore, the Court finds that Defendant Police Officers are immune from Murray's state law tort claims in their individual capacities, as well.

**V.    CONCLUSION**

Based upon the foregoing, Defendants' motion for summary judgment shall be granted. An appropriate order follows.

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc:    Monte J. Rabner, Esquire  
      Michael E. Kennedy, Esquire  
      Bryan Campbell, Esquire